IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. SONNY YARBRO

**Direct Appeal from the Criminal Court for Hardin County**
**No. 7811   C. Creed McGinley, Judge**

_____

**No. W1999-00770-CCA-R3-CD - Decided June 30, 2000**

_____

The defendant appeals his conviction by a Hardin County jury of possession of cocaine with intent to sell. The defendant now contends that the evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant committed the offense. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which TIPTON and GLENN, JJ. joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender, Savannah, Tennessee, for the appellant, Sonny Yarbro.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On July 11, 1998, at around 10:50 p.m. the defendant was pulled over after failing to stop at a stop sign. When the officer approached the defendant's car, the officer smelled alcohol on the defendant's breath. After giving the defendant a sobriety test, the defendant was arrested for driving under the influence. A search of the defendant was conducted, at which time $1,177 in cash and $65 in food stamps were found on the defendant. When the officer began to put the defendant in the back of the patrol car, the officer saw a brown prescription container fall out of the defendant's pant leg and onto the ground. Another officer also heard the prescription container fall to the ground and picked it up. Upon looking in the prescription container, the officers saw a substance that was later tested and found to be 2.4 grams of crack cocaine.

The defendant testified at trial that he earned the money from work. He further testified that the crack cocaine did not fall from his pant leg and was not his. The defendant, however, was convicted by a Hardin County jury of possession of cocaine with intent to sell.

This case now comes to this court on direct appeal. The defendant contends that the evidence presented at trial was insufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of possession of cocaine with intent to sell. We reject the defendant's contention.

## ANALYSIS

A.      Standard of Review

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

B.      Sufficiency of the Evidence

During trial the defendant testified that the crack cocaine found at the site of his arrest was not his. However, an officer testified that he saw the brown prescription container containing crack cocaine fall from the pant leg of the defendant and hit the ground. A second officer, who was also present when the prescription container fell out of the pant leg of the defendant, testified that he heard the container fall, picked it up and discovered crack cocaine in the container. The same officer also testified that he confiscated $1,177 in cash and $65 in food stamps from the defendant. The money confiscated from the defendant was primarily in denominations of ten, twenty and fifty dollar bills, and a couple of one hundred dollar bills. Testimony was presented that crack cocaine is sold in ten, twenty, fifty and one hundred dollar rocks, and that drug dealers will sometimes accept food stamps as payment for drugs. Finally, testimony was presented that no one else was with the defendant when he was stopped, and no one else was in the immediate area where the officers arrested the defendant.

The jury rejected the defendant's testimony, as was their prerogative. After a review of the record, we find that sufficient evidence was presented for the jury to find the defendant guilty of

possession of cocaine with intent to sell.  The conviction was proper.

## <u>CONCLUSION</u>

Based upon our review of the trial record, the judgment of the trial court is affirmed.